UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOE R. SEEBACH,

       Plaintiff,

 v.

WASHINGTON STATE DEPARTMENT OF CORRECTIONS,

       Defendant.

Case No. C23-5219-JNW-MLP

REPORT AND RECOMMENDATION

## I.   INTRODUCTION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Joe Seebach is currently incarcerated at the Stafford Creek Corrections Center ("SCCC") in Aberdeen, Washington. Plaintiff alleges in his second amended complaint ("SAC") that the Washington Department of Corrections ("DOC") violated the Americans with Disabilities Act ("ADA") when it refused to accommodate his disabilities. (*See* dkt. # 16). Defendant DOC now moves to dismiss Plaintiff's pleading pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. # 20.) Plaintiff has filed a response opposing Defendant's motion (dkt. # 22), and Defendant has filed a reply to Plaintiff's response (dkt. # 23).

REPORT AND RECOMMENDATION
PAGE - 1

1    The Court, having reviewed Plaintiff's SAC, Defendant's motion to dismiss, and the briefing of the parties, concludes that Defendant's motion should be granted, and Plaintiff's SAC and this action should be dismissed with prejudice.

## II.    BACKGROUND

Plaintiff is an Oregon state prisoner who is currently being boarded by the Washington DOC. (*See* dkt. # 16 at 11.) He submitted his SAC to the Court for filing on August 17, 2023, and he indicates therein that he is bringing this action pursuant to 42 U.S.C. § 12132 and 42 U.S.C. § 1983. (*Id*. at 10.) Plaintiff asserts in his pleading that he suffers from two disabilities and that he has been denied accommodations for both since he has been in DOC custody. (*See id*. at 11-14.)

Specifically, Plaintiff asserts that he suffers from a condition known as "dropfoot," which affects his ability to walk properly. (Dkt. # 16 at 11, 14.) Plaintiff claims that while confined in Oregon he was required to wear specialized shoes and foot braces, but the DOC has refused to provide him with the necessary and required footwear/braces that a doctor previously ordered be worn. (*See id*.) Plaintiff alleges that failing to provide him the required footwear and braces is discriminatory because his ability to walk properly is diminished and his ability to perform daily life activities "becomes impaired." (*Id*. at 14.)

Plaintiff also asserts that he suffers from a disability related to a stroke he suffered prior to his transfer to the DOC, which resulted in muscle and nerve damage to his neck. (Dkt. # 16 at 11, 14.) Plaintiff claims that due to his permanent neck damage, he is not allowed to make certain neck movements, and he "must avoid sleeping, sitting, and moving in a way that wont [sic] further compromise him." (*Id*. at 11.) Plaintiff alleges that the DOC has refused to accommodate his disability related to his neck injury. (*Id*. at 14.) Plaintiff indicates that the

REPORT AND RECOMMENDATION
PAGE - 2

accommodation he requested in relation this disability was that he be allowed to place his television "right at the end of [his] Bunk to accommodate easy access to it." (*Id*. at 13.)

### III. DISCUSSION

#### A. Legal Standard

A defendant may move for dismissal under Rule 12(b)(6) when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss, the Court accepts all facts alleged in the complaint as true and makes all inferences in the light most favorable to the non-moving party. *Barker v. Riverside Cnty. Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (citations omitted). However, the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The Court liberally construes a *pro se* pleading. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010); *Pena v. Gardner*, 976 F.2d 469,

471 (9th Cir. 1992). However, the Court "may not supply essential elements of the claim that were not initially pled." *Pena*, 976 F.2d at 471.

**B.     Analysis**

*1.     Claims Brought Pursuant to 42 U.S.C. § 1983*

Defendant first argues that, to the extent Plaintiff's pleading may be construed as asserting a claim for an alleged violation of the Eighth Amendment, his claim must be dismissed because the DOC is not a person for purposes of § 1983 and is therefore not subject to suit under § 1983. (Dkt. # 20 at 3-4.) Defendant is correct.

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show that he suffered a violation of rights protected by the Constitution or created by federal statute, and that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The United States Supreme Court has made clear that states and state agencies are not "persons" subject to suit under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989). In addition, it is well established that, under the Eleventh Amendment, a nonconsenting state is immune from suits brought in federal courts by its own citizens. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). The State of Washington has not waived its Eleventh Amendment immunity for federal civil rights actions. *See Whiteside v. State of Wash.*, 534 F. Supp. 774, 778 (E.D. Wash. 1982). Accordingly, the DOC, which is an agency of the State of Washington, is not subject to suit under § 1983.[1]

---

[1] Plaintiff, in his response to Defendant's motion, appears to disclaim any intent to assert a claim against the DOC under § 1983 and indicates that he intends only to assert claims under the ADA. (*See* dkt. # 22 at 1, 4.) To the extent Plaintiff's SAC may reasonably be construed as asserting a claim under § 1983, such claim should be dismissed for the reasons set forth above.

REPORT AND RECOMMENDATION
PAGE - 4

*2. ADA Claims*

Defendant also argues in its motion to dismiss that Plaintiff has not alleged sufficient facts to support a claim for a violation of the ADA. (Dkt. # 20 at 4-6.) Title II of the ADA provides in pertinent part that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. In order to state a claim under Title II of the ADA, a plaintiff must allege that: "(1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability." *Simmons v. Navajo County, Ariz*, 609 F.3d 1101, 1021 (9th Cir. 2010), *overruled on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016).

For purposes of the ADA, an individual with a disability is one who: (1) has a physical or mental impairment which substantially limits one or more of his/her major life activities; (2) has a record of such an impairment; or (3) is regarded as having such an impairment. *See* 42 U.S.C. § 12102(1).

    a.  <u>Count One: Dropfoot</u>

Defendant argues that Plaintiff's claim related to "dropfoot" and the alleged refusal to provide him specialized footwear and/or braces fails as a matter of law. (Dkt. # 20 at 4-5.) Defendant asserts that Plaintiff has not alleged he was excluded from some prison service, program, or activity, but instead alleges he has not received proper treatment for his dropfoot.

REPORT AND RECOMMENDATION
PAGE - 5

(*Id*. at 5.) Plaintiff, in response to Defendant's argument, claims that the DOC provides special medical shoes for people suffering from diabetes or other foot conditions, and suggests that because his request was within the scope of what the DOC already provides for other disabilities, his claim should survive the pending motion to dismiss. (Dkt. # 22 at 3-4.)

The Ninth Circuit has explained that "[t]he ADA prohibits discrimination because of disability, not inadequate treatment for disability." *Simmons*, 609 F.3d at 1022 (citing *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996)). While Plaintiff frames the claims asserted in his SAC as ones alleging violations of the ADA, Plaintiff's claim that he has been denied necessary footwear and/or braces for his dropfoot goes to the medical treatment he has been afforded for this condition while in DOC custody. Plaintiff does not describe any service, program, or activity that he has been excluded from or denied the benefits of because of his dropfoot. He essentially claims only that he has not been provided the specialized shoes he believes are required to treat that condition as he was while in the custody of the Oregon Department of Corrections.

A claim asserted under the ADA is not the appropriate mechanism for challenging the lack of treatment for a medical condition, which is the gravamen of Plaintiff's first claim for relief. Plaintiff's first claim should therefore be dismissed.

### b.     Count Two: Accommodation for Television

Defendant argues that Plaintiff's ADA claim related to the alleged refusal/failure of DOC authorities to provide an accommodation to allow Plaintiff to have a television next to his bunk fails because Plaintiff has not alleged any facts demonstrating that he was denied access to any services or benefits offered by the DOC. (Dkt. # 20 at 5.) Defendant asserts that Plaintiff's pleading demonstrates he has access to a television, and his only claim is that he was not allowed to place his television right at the end of his bunk "to accommodate easy access to it." (*Id*.)

Plaintiff argues in response that the DOC allows accommodations for individuals in wheelchairs and permits them to have their televisions positioned so they can be watched while laying on the bed. (Dkt. # 22 at 3.) Plaintiff once again suggests that because his request was within the scope of what the DOC already provides for other disabled prisoners, his ADA claim related to the positioning of his television should survive the motion to dismiss. (*Id*. at 3-4.)

Plaintiff does not allege that he was prevented from participating in or benefitting from prison programs or services because of his neck disability, he alleges—at most—that the television in his cell was not as accessible as he would have liked for it to be. Such an allegation is insufficient to state a viable claim for relief under the ADA. *See Alster v. Goord*, 745 F. Supp. 2d 317, 340 (S.D.N.Y. 2010) (granting summary judgment to Defendants on plaintiff's ADA claim where plaintiff alleged he had restricted access to television, stating, "[w]hile Alster complains of restricted access to television, "[h]e does not allege that he was prevented altogether from accessing [it]," for he also asserts he had difficulty hearing the television over the noise in the common room") (citing *Carrasquillo v. City of New York*, 324 F. Supp. 2d 428, 443 (S.D.N.Y. 2004) (dismissing ADA claim where plaintiff did not allege that he was prevented altogether from accessing prison services of the law library and infirmary)); *see also Althouse v. Roe*, 542 F. Supp. 2d 543, 547 (E.D. Tex. 2008) ("Even assuming that he is disabled, and further assuming that television is a "service, program or activity for which the defendants are responsible," a rather dubious assumption, Althouse has failed to show that he has been excluded from this service, program or activity because of his disability.") Plaintiff's second claim for relief should therefore be dismissed as well.

REPORT AND RECOMMENDATION
PAGE - 7

REPORT AND RECOMMENDATION
PAGE - 7

## IV. CONCLUSION

Based on the foregoing, this Court recommends that Defendant's motion to dismiss (dkt. # 20) be GRANTED, and that Plaintiff's SAC (dkt. # 16) and this action be DISMISSED with prejudice under Fed. R. Civ. P. 12(b)(6) for failure of Plaintiff to state any claim upon which relief may be granted. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 2, 2024**.

DATED this 8th day of January, 2024.

*[signature]*

MICHELLE L. PETERSON
United States Magistrate Judge