1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOE R. SEEBACH, | CASE NO. 3:23-cv-5219 |
| Plaintiff, | ORDER ADOPTING R&R |
| v. | |
| WASHINGTON STATE DEPARTMENT OF CORRECTIONS, | |
| Defendant. | |

On January 8, 2024, the Honorable Michelle L. Peterson, U.S. Magistrate Judge for the Western District of Washington, issued a Report and Recommendation ("R&R"), recommending the Court dismiss Plaintiff Joe R. Seebach's case with prejudice. Dkt. No. 24. Seebach objected to the R&R, Dkt. No. 27, and Defendant Washington State Department of Corrections (DOC) filed a response. Dkt. No. 28.

After reviewing Seebach's second amended complaint, the R&R, Seebach's objections, DOC's response, and being otherwise fully informed, the Court adopts the R&R and DISMISSES Seebach's case with prejudice.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

Seebach is incarcerated at Stafford Creek Corrections in Aberdeen, Washington. Dkt. No. 24 at 1. Seebach claims DOC violated the Americans with Disabilities Act (ADA) and Section 1983, although he specifically disavowed in his response to Defendant's motion to dismiss that he is maintaining a Section 1983 claim for the deprivation of a Constitutionally protected right. Dkt. No. 22 at 1, 4. Seebach alleges he "suffers from numerous medical conditions," including drop foot and that DOC has refused to provide him with footwear to treat this condition even though he had received special footwear while incarcerated in Oregon. *Id.* at 2. He also alleges that he has nerve damage in his neck that prevents him from making certain movements and that he must avoid other movements to not aggravate his condition. *Id.* Seebach alleges DOC refused to accommodate his neck disability when it refused to allow him to place his television in a certain position near his bunk. *Id.*

The R&R recommended dismissal of Seebach's complaint because (1) he cannot maintain a Section 1983 claim against DOC as a state agency; and (2) his ADA claim does not allege a lack of access to any service, program, or activity owing to his disability, which makes it a nonactionable claim under the ADA about medical treatment. Dkt. No. 24 at 4-8.

Seebach's objection to the R&R only rehashes his previously rejected arguments. *Comp.* Dkt. No. 22 *with* Dkt. No. 27. DOC's response to Seebach's objection underscores this point. *See* Dkt. Nos. 27, 28. Indeed, Seebach fails to identify a specific error in the R&R and it is ultimately a general objection.

ORDER ADOPTING R&R - 2

Case 3:23-cv-05219-JNW   Document 29   Filed 06/21/24   Page 3 of 4

The Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3) (emphasis added). But "a general objection has the same effect as no objection at all, since it does not focus the Court's attention on any specific issue for review." *Brandon v. Dep't of Corr.*, C21-5417-JCC, 2021 WL 5937685, at *1 (W.D. Wash. Dec. 16, 2021) (citing *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). Thus, to avoid duplication of effort, "de novo review is not required when a party fails to direct the court to a specific error in the R&R." *Brandon*, 2021 WL 5937685, at *1 (citing *Strawbridge v. Sugar Mountain Resort, Inc.*, 243 F. Supp. 2d 472, 475 (W.D.N.C. 2003)).

Here, Seebach's objection covers no new ground, so the Court's de novo review would only duplicate Judge Peterson's efforts. *Brandon*, 2021 WL 5937685, at *1. Based on the record, the Court is satisfied there are no clear errors on the face of the R&R. Fed. R. Civ. P. 72(b), Advisory Committee's Note to 1983 Amendment. And the Court agrees with Judge Peterson's reasoning that Seebach has failed to state a claim for relief against DOC.

Ordinarily, "[d]ismissal of a pro se complaint without leave to amend is proper only if it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (citations omitted). Judge Peterson previously granted Seebach leave to amend, highlighting the specific deficiencies in his claims, but the same deficiencies persisted in his Second Amended Complaint and are the ones that ultimately doomed his case. Under these circumstances, the Court is not inclined to give

Seebach yet another bite at the apple. Dismissal is therefore with prejudice. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed pro se plaintiff regarding deficiencies in prior order dismissing claim with leave to amend); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.") (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 n.3 (9th Cir. 1987); *Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir.1980)).

For these reasons, the Court ORDERS:

1. Seebach's objection is OVERRULED. Dkt. No. 27.

2. Seebach's motion for extension of time to respond to the R&R is DENIED as moot. Dkt. No. 26.

3. The Court ADOPTS the R&R. Dkt. No. 24.

4. DOC's motion to dismiss is GRANTED, and Seebach's second amended complaint and this action are DISMISSED with prejudice.

5. The Clerk is directed to send copies of this Order to Seebach, counsel for Respondent, and to the Hon. Michelle L. Peterson.

Dated this 21st day of June, 2024.

Jamal N. Whitehead
United States District Judge

ORDER ADOPTING R&R - 4